## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

QUINTON N. ROBINSON, ESQ., ATTORNEY AT LAW, P.C.

New Jersey Bar No. 043492007

33 Wood Avenue South - Suite 600

Iselin, New Jersey 08830

973-961-1006

**Attorneys for Plaintiff, NATALIE RIVERA.**

---

| | |
|---|---|
| **NATALIE RIVERA.** | UNITED STATES DISTRICT COURT |
| | DISTRICT OF NEW JERSEY |
| Plaintiff, | **DOCKET NO. _____** |
| v. | CIVIL ACTION |
| **City of Trenton, New Jersey, Division of Planning.** | **COMPLAINT** |
| Defendant. | *EMPLOYMENT DISCRIMINATION* |

---

### *COMPLAINT*

**COMES NOW,** Plaintiff, **NATALIE RIVERA**, and states as follows:

### I. THE PARTIES

1. *Plaintiff.*

2. Plaintiff, Natalie Rivera resides at 405 Liberty Street, Trenton, New Jersey 08611.

3. On September 7, 2024, Plaintiff's duty station was 319 East State Street, Trenton, New Jersey 080608.

4. On September 7, 2024, Plaintiff was employed as a *Technical Assistant for Construction Official with the City of Trenton, NJ Division of Planning.*

1

5. On September 7, 2024, was subjected to unlawful workplace retaliation discrimination when Plaintiff was not selected for the City of Trenton Zoning officer position based on unlawful workplace retaliation after plaintiff's participation in the whistleblower, protective disclosure process.

6. Approximately 3 (three) months after Plaintiff verbally disclosed and or engaged in protective whistleblower activities, the City of Trenton, Division of Planning, on or about June 15, 2025, placed plaintiff under investigative monitoring with the intent to terminate or downgraded Plaintiff's position.

7. At all relevant times, Plaintiff was qualified for the position of *Technical Assistant for Construction with the City of Trenton, New Jersey - Division of Planning.*

8. *On June 25, 2025, Stephani Register, Principal Planner, Division of Planning-H & ED,* acknowledged that Plaintiff passed Plaintiff's classes at the Center For Government Services for Zoning Administration and Enforcement.

9.  From 15, 2023 to June 12, 2025, Plaintiff received fully satisfactory performance reviews issued by the City of Trenton Division of Planning.

**SEPARATE DEFENDANTS**

*Plaintiff realleges each and every fact in paragraph  1 to 9*

**10. CITY OF TRENTON, NEW JERSEY DIVISION OF PLANNING.**

11. City of Trenton Division of Planning conducts business operations at 319 East State Street, Trenton, New Jersey 08608.

12. Building construction permits are issued, by City of Trenton Division of Planning, pursuant to *N.J.A.C. 5:23-2.31(c ); and N.J.S.A. 59:3-6.*

**II.  EQUAL EMPLOYMENT OPPURTUNITY COMMISSION RIGHT TO SUE**

## LETTER

*Plaintiff realleges each and every fact in paragraph 10 to 12.*

13. This court has jurisdiction pursuant to *(a)* 42 U.S.C. § 2000e-2; and *(b)* 42 U.S.C. § 2000e-3(a).

14. On July 3, 2025, Plaintiff contacted the EEOC with the intent to file a charge of discrimination based on retaliation and sex discrimination.

15. On July 3, 2025, Plaintiff filed a charge of unlawful employment discrimination with the U.S. Equal Employment Opportunity Commission (EEOC)(***Charge No. 524-2024-03201***).

16. The EEOC assigned Ms. Nicole Zamudio as the investigator and docketed Plaintiff's charge as # ***Charge No. 524-2024-03201***.

17. On July 3, 2025 EEOC plaintiff made specific factual allegations to the EEOC. The statement of allegations included: *(i)* "On or about September 7, 2024, [Y]ulanda Vasquez told me they would not hire a female for the zoning position. [I] placed a formal complaint to my Director Hank C. {sic}. [I] was not contacted in regard to the comment made by Yulanda. [O]n or about November 23, 2024, I exchanged words with another employee on the elevator and was suspended afterwards."

18. On July 10, 2025, Mr. John Waldinger, Area Office Director, U.S. Equal Employment Opportunity Commission (EEOC), issued Plaintiff a *DISMISSAL OF CHARGE AND NOTICE OF RIGHT TO SUE (Charge No. 524-2024-03201)*.

### III. *FACTUAL ALLEGATIONS AND UNLAWFUL ADVERSE ACTIONS*

*Plaintiff realleges each and every fact in paragraph 13 to 18.*

19. **POSITION ADVERTISEMENT.**

3

20. On or about March 3, 2024, the City of Trenton Planning Division advertised a position to fill a position entitled Zoning Officer.

21. Plaintiff made official application for the Division's advertisement to fill a position entitled Zoning Officer.

22. Plaintiff was qualified for the advertised position of Zoning Officer on or before March 3, 2024.

23. On or about March 13, 2024, the City of Trenton Planning Division removed or otherwise eliminated the public advertising for the position to fill a position entitled Zoning Officer.

24. Plaintiff was not selected for the advertised position of Zoning Officer.

25. After the advertisement was removed from public listing, the City of Trenton Planning Division selected a white male for the advertised position of Zoning Officer.

26. On or about September 7, 2024, separate defendant Yulanda Vasquez verbally informed Plaintiff that the City of Trenton Division of Planning would not hire a female for the zoning officer.

27. **PROTECTED DISCLOSURES.**

28. On four (4) separate occasions after September 20, 2022, Plaintiff informed City of Trenton management officials about waste, fraud and abuse of laws, regulations and procedures related to the issuance of City of Trenton Zoning Permits. Plaintiff held a reasonable belief that waste, fraud and abused occurred within the construction permit process.

29. Plaintiff verbally reported whistleblower-based protective disclosures to the following City of Trenton management officials: **(a)** Yulanda Vasquez, Chief Housing Inspector

4

(September 30, 2022) ( July 15, 2024); **(b)** Massiel Ferrara *(October 15, 2024),* and **(c )** Henry Guarnieri.

30. The reporting of protective disclosures related to a pattern and practice of issuing City of Trenton building permits in violation of firmly established laws, regulations, directives and City of Trenton Ordinances.

31. Plaintiff made protective disclosures, related to the unlawful issuance of permits, during the following time periods: *(1)* September 30, 2022; *(2)* July 2, 2024; *(3)* October 15, 2024; and (4) November 23, 2024.

32. Particularly, on November 23, 2024, Plaintiff spoke with a coworker about specifics unlawful acts related to permit issuance.

33. After Plaintiff's November 23, 2024 conversation regarding unlawful issuance of permits, the coworker informed management and supervisors at Trenton Division of Planning about Plaintiff's comments regarding unlawful permit issuance.

34. On November 24, 2024, Plaintiff was placed on suspension by the City of Trenton Division of Planning as a result of Plaintiff's conversation regarding unlawful issuance of permits.

35. Within programs governed by N.J.A.C. 5:23-2.31, *Plaintiff reported waste, fraud and abuse covering September 2022 to November 2024.* Plaintiff held a reasonable belief that construction permits were being issued in violation of the law.

### IV. CAUSE OF ACTIONS

*Plaintiff realleges each and every fact in paragraph 19 to 35.*

36. **_COUNT 1._ RETALIATION.** Unlawful Workplace Retaliation pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), *42 USC 2000e-2*; and New Jersey Conscientious

5

Employee Protection Act (CEPA) *N.J.S.A. 34:19-1.* **(A)** In September of 2022, Plaintiff learned of waste, fraud and abuse with the implementation of City of Trenton construction permit process and procedures; **(B)** On four (4) separate occasions, Plaintiff reported the waste, fraud, and abuse to Plaintiff's supervisors and managers; **(C )** After Plaintiff reported waste, fraud and abuse, Plaintiff suffered adverse employment actions that included *(i)* non selection to the advertised position of zoning officer; *(ii)* harassment retaliation when Plaintiff was reprimanded with an unjustified suspension; and *(iii)* subjection to unlawful investigations and monitoring with the intent to wrongfully terminate.

37. ***COUNT 2. HARASSMENT.*** *(A)*Plaintiff was subjected to unwelcome harassment in violation of **42 U.S.C. § 2000e;** and *N.J.S.A. § 10:5-12. (B)*The harassment was based upon Plaintiff's protective disclosure as described herein. *(C )* The harassment was sufficiently severe and pervasive to alter the terms and conditions of plaintiff's employment and to create a hostile work environment. *(D)* Defendant, City of Trenton Planning Division, is vicariously liable for the actions of its management and supervisors. *(E)* As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and anguish. *(F)*As a direct and proximate result of such actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the plaintiff solely because of Defendant's conduct.

38. ***COUNT 3.*** Intentional infliction of emotional distress. *N.J.S.A. 10:5-3; N.J.S.A. 10:5-17.*

**WHEREFORE,** Plaintiff requests this court enter judgment in favor of plaintiff and against Defendant, for:

(1) All amounts of back pay, front pay, wages, employment benefits, or other compensation denied or lost by Plaintiff as a result of Defendant's adverse actions against Plaintiff,

(2) A judgment against the Defendants for damages, both compensatory and punitive, in an amount to be determined at trial;

(3) A tax offset to neutralize the tax burden of any award;

(4) Attorney's fees, interest and costs;

(5) Any such other legal or equitable relief as may be appropriate or to which Plaintiff may be entitled under federal or state law.

Respectfully submitted:      *Dated October 7, 2025*

/s/QUINTON N. ROBINSON, ESQ., ATTORNEY AT LAW, P.C.

Quinton N. Robinson, Esq.,

7